

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 14, 1967

Commissioner Jim C. Langdon      Opinion No. M-120
Chairman
Railroad Commission of Texas      Re: Whether employees of the
Austin, Texas                       Texas Railroad Commission
                                     may have their registration
                                     fee paid by the State for
                                     attendance at a transporta-
                                     tion conference sponsored
Dear Mr. Langdon:                       by Texas A & M University

You have requested our opinion on whether the State can legally pay the $15.00 registration fee for employees of the Transportation Division of the Railroad Commission that attended a transportation conference sponsored by Texas A & M University.

In your request you stated that the Commission directed that certain of its employees attend the 9th Annual Transportation Conference sponsored by Texas A & M, and that the employees attending this seminar paid the registration fee and that membership in the seminar was bought in the name of the State of Texas. You further stated that that seminar could not have been attended by the State employees without paying the $15.00 registration fee.

This office has uniformly held that if the expenses occur as a result of training and information that could be used to enable the State employee to more efficiently carry out their duties, then the State may legally pay such expenses incurred by the State employee. The basic question always to be answered as to what is "State business," is whether the training in question bears a reasonable, substantial and direct relationship to such governmental duties and functions.

As clearly stated in Attorney General's Opinion No. C-722A (1966), the head of the agency concerned is the official who must make the determination as to the reasonableness of the manner of performing duties assigned. When the agency head has made the determination as so certified, the Comptroller is limited solely to the ministerial duty of paying a claim that is in proper form. The Comptroller does not have the specific duty and authority to investigate facts contained in claims for travel expenses, but has only the authority to approve such claims filed in proper form

- 549 -

pursuant to a specific appropriation and issue a warrant for payment of the claim. Attorney General's Opinion No. WW-1328 (1962), Attorney General's Opinion No. C-477 (1965).

It is the opinion of this office in keeping with many prior opinions that where the training in question bears a reasonable, substantial and direct relationship to the duties and functions of the employees, and this determination has been made and certified by the agency head involved, then it becomes the ministerial duty of the State Comptroller to issue a warrant in payment of the claim.

Therefore, in response to your request, it is the opinion of this office that the Comptroller should pay the registration fee of the employees of the Transportation Division of the Railroad Commission who attended the transportation conference sponsored by Texas A & M Univeristy at the direction of the Commission.

### SUMMARY

The Comptroller must pay the registration fee expense of State employees who were assigned to attend the transportation conference at Texas A & M University since such expense was incurred as a result of State business.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linward Shivers
Assistant Attorney General
LS:bp

APPROVED:

OPINION COMMITTEE

A. J. Carubbi, Jr., Chairman
Staff Legal Assistant

W. O. Shultz, Co-chairman
John Reeves
Paul Martin
John Grace
Ray McGregor